```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ERICA BURLEY, et al.,                              :
                                                              03 Civ. 735 (WHP)
                Plaintiffs,                        :
                                                              MEMORANDUM AND ORDER
        -against-                                  :

THE CITY OF NEW YORK, et al.,                      :

                Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

WILLIAM H. PAULEY III, District Judge:

Plaintiffs bring this class action asserting federal and state civil rights claims in connection with the arrest of demonstrators during the World Economic Forum ("WEF") events held in New York City in early 2002. Plaintiffs now move for reconsideration under Local Rule 6.3 of this Court's Memorandum and Order, dated March 23, 2005, denying Plaintiffs' motion to certify a class of WEF demonstrators subjected to "unreasonable and excessive handcuffing" (the "Handcuff Class"). For the following reasons, Plaintiffs' motion is denied.

BACKGROUND

The pertinent facts are set forth in this Court's prior Memorandum and Order. See Burley v. City of New York, No. 03 Civ. 735, 2005 WL 668789 (S.D.N.Y. Mar. 23, 2005). In early February 2002, the WEF held its annual meeting in New York City. (Second Amended Complaint, filed Nov. 1, 2004 (the "Complaint" or "Compl.") ¶ 73.) On February 3, 2002, Plaintiffs were arrested while participating in demonstrations and charged with minor offenses. (Compl. ¶ 104.)

Plaintiffs challenge two policies implemented by Defendants on the day of their arrest. First, Plaintiffs claim that while they were eligible for Desk Appearance Tickets

("DATs"), they were detained for a period of twenty-four to sixty hours before being arraigned. (Compl. ¶¶ 101-06.) Second, Plaintiffs assert that they were "rear cuffed" with plastic handcuffs resulting in tighter and more painful cuffing. (Compl. ¶ 110.) In addition, the Complaint alleges that many plaintiffs remained handcuffed for "upwards of 10 hours." (Compl. ¶ 105.)

On June 11, 2004, Plaintiffs moved for certification of a DAT Class and a Handcuff Class. This Court certified a DAT Class of: "WEF demonstrators arrested for minor offense who were eligible for Desk Appearance Tickets but were detained for significant periods of time for arraignment. Burley, 2005 WL 668789, at *9. This Court declined to certify the proposed Handcuff Class consisting of arrestees subjected to "unreasonable and excessive" handcuffing due to the "manner in which the handcuffs were applied and the length of time in which the plaintiffs and the members of the plaintiff class were handcuffed." Burley, 2005 WL 668789, at *8.

Plaintiffs move for reconsideration of this Court's ruling denying certification of the Handcuff Class in light of the Supreme Court's decision in Muehler v. Mena, 125 S. Ct. 1465 (2005). In addition, Plaintiffs argue that the Handcuff Class should be certified based only on the period of time demonstrators were handcuffed, not on the manner in which they were handcuffed. Defendants counter that Muehler does not affect this Court's conclusion and that Plaintiffs' attempt to change the composition of the Handcuff Class at this stage raises a new argument inappropriate for reconsideration.

DISCUSSION

I.      Motion for Reconsideration Standard

A motion for reconsideration brought under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Banco Central de Para. v. Para. Humanitarian Found., Inc., No. 01 Civ. 9649 (JFK), 2005 WL 1561504, at *1 (S.D.N.Y. June 30, 2005); Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Berm., Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005); accord Am. Hotel Int'l Group v. OneBeacon Ins. Co., No. 01 Civ. 0654 (RCC), 2005 WL 1176122, at *1 (S.D.N.Y. May 18, 2005); Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841 (NRB), 2004 WL 1794504, at *3 (S.D.N.Y. Aug. 10, 2004) (reconsideration "is not occasion for a party to craft new and previously untested legal theories"). The standard for granting a motion for reconsideration is strict and the decision on such a motion is "within the sound discretion of the district court." Colodney, 2004 WL 1857568, at *1.

II.     Certification of a Handcuff Class

Plaintiffs' argument concerning the Supreme Court's holding in Muehler and their new formulation of the Handcuff Class are inappropriate grounds for reconsideration.

In its prior ruling, this Court denied certification of a Handcuff Class based on Plaintiffs' failure to establish that the proposed class was definite and ascertainable, as required by Rule 23. Burley, 2005 WL 668789, at *8-9. Specifically, this Court held that Plaintiffs'

3

"elastic definition requires this Court to delve into the specific conditions under which plaintiffs were handcuffed . . . [t]he necessity for [which] is at odds with the definiteness requirement." Burley, 2005 WL 668789, at *8. Muehler does not alter that conclusion.

In Muehler, the Supreme Court held that the respondent's detention in handcuffs during a warrant-executed search did not violate her Fourth Amendment rights as such detention "was reasonable because the governmental interests outweigh the marginal intrusion." Muehler, 125 S.Ct. at 1470 (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). The Supreme Court noted, however, that "[t]he duration of a detention can, of course, affect the balance of interests under Graham." Muehler, 125 S. Ct. at 1471. Plaintiffs argue that in light of Muehler, they have stated a viable Fourth Amendment claim to the extent they remained handcuffed beyond a reasonable amount of time.

As this Court noted in its previous decision, "'[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action . . . but rather whether the requirements of Rule 23 are met.'" Burley, 2005 WL 668789, at *2 (quoting Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974)). Because nothing in Muehler affects Plaintiffs' ability to demonstrate ascertainability with respect to the Handcuff Class, that decision is not an "overlooked controlling decision" warranting reconsideration by this Court. S.D.N.Y. & E.D.N.Y. Local R. 6.3; Shrader, 70 F.3d at 257; Colodney, 2004 WL 1857568, at *1.

Plaintiffs' attempt to redefine the Handcuff Class to one based on time alone and not time and tightness raises a new argument prohibited by Local Rule 6.3. Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998

4

WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998); accord In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 349 (S.D.N.Y. 2004); see also Koehler, 2005 WL 1119371, at *1 (new arguments not appropriate for reconsideration); Pannonia Farms, Inc., 2004 WL 1794504, at *3.

In their initial complaint and subsequent amended complaints, Plaintiffs alleged consistently that both "the manner in which the handcuffs were applied and the length of time in which the plaintiffs and the members of the plaintiff class were handcuffed was unreasonable, unnecessary and excessive." (Complaint, filed Jan. 31, 2004 ¶ 98; First Amended Complaint, filed Apr. 15, 2003 ¶ 106; Second Amended Complaint, filed Nov. 1, 2004 ¶ 111.)  Further, Plaintiffs adhered to that class definition through briefing and oral argument on class certification.  (Plaintiffs Memorandum of Law in Support of Class Certification, dated June 11, 2004 at 5, 14-15; Plaintiffs Reply Memorandum of Law in Support of Class Certification, dated Sept. 10, 2004 at 10; Transcript of Oral Argument on Oct. 1, 2004 at 22-23.)

Plaintiffs have impermissibly advanced a new theory concerning the composition of the Handcuff Class.  See Valentine v. Metro. Life Ins. Co., No. 85 Civ. 3006 (CSH), 2005 WL 1278524, at *2 (S.D.N.Y. May 31, 2005) (Local Rule 6.3 "limitations ensure finality and prevent the rule from becoming a vehicle by which a losing party may examine a decision 'and then plug[] the gaps of a lost motion with additional matters.'" (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))); accord Am. Hotel, 2005 WL 1176122, at *1.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

Dated: August 10, 2005
       New York, New York

SO ORDERED:

                                    WILLIAM H. PAULEY III
                                           U.S.D.J.

*Copies mailed to*:

*Counsel for Plaintiffs:*

Jonathan C. Moore, Esq.
Moore & Goodman, LLP
740 Broadway at Astor Place
New York, New York 10003

James I. Meyerson, Esq.
396 Broadway, Suite 601
New York, NY 10013

John Ware Upton, Esq.
70 Lafayette Street, 7th Floor
New York, NY 10013

*Counsel for Defendants:*

Pamela Lynam Mahon, Esq.
Assistant Corporation Counsel
100 Church Street, Room 3-218
New York, New York 10007