USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ERICA BURLEY, et al., individually and on behalf of a class of all others similarly situated,

                            Plaintiffs,

      -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF CLASS ACTION SETTLEMENT**

03 CV 0735 (WHP)(FM)

## BACKGROUND

**WHEREAS,** plaintiffs commenced this action to redress the alleged deprivation of the rights of plaintiffs arrested during the World Economic Forum meetings held in New York, New York from January 31, 2002 through February 4, 2002; and

**WHEREAS,** plaintiffs' claims are set forth in the Second Amended Complaint dated October 14, 2003; and

**WHEREAS,** defendants deny any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** the parties described below now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

## DEFINITIONS

      1.    The "DAT Class" is defined, as stated in the Court's Memorandum and Order of March 23, 2005, as: "WEF demonstrators arrested for minor offenses who were eligible for Desk Appearance Tickets but were detained for significant periods of time for arraignment."

2. "Class Counsel" means a) Jonathan Moore, Beldock, Levine and Hoffman, LLP, 99 Park Avenue, New York, New York 10016; b) James I. Meyerson, 64 Fulton Street, Ste. 504, New York, New York 10038; and c) John Ware Upton, 70 Lafayette St., 7th Floor, New York, New York 10013.

3. A "Participating Class Member" (PCM) means any member of the DAT Class who does not file a valid and timely Request for Exclusion as provided in ¶ 31 of this Stipulation.

4. An "Opt-Out" is any potential DAT Class member who files a timely Request for Exclusion as specified in ¶ 31 of this Stipulation.

5. The "Bar Date" is the date established by the Court by which any PCM who wishes to receive payment pursuant to the Stipulation and Order of Settlement must file his/her Claim Form, the form annexed hereto as part of Exhibit A, and by which any Opt-Out much file his/her Opt-Out Form, the form annexed hereto as part of Exhibit A.

6. The "Class Notice" means notice in the form described in Exhibit A hereto.

7. The "Effective Date" means the date upon which the Court approves the Stipulation and Order of Settlement.

8. The "Final Approval Date" means the date upon which the Court issues final approval of settlement of this matter following the Fairness Hearing.

9. "Released Persons" means the defendants and their predecessors, successors, or assigns, together with past, present, and future officials, employees, representatives and agents of the City of New York, or any agency thereof.

## TERMS OF SETTLEMENT FOR DAT CLASS

10. On the Final Approval Date, the claims of the DAT Class will be dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts authorized by ¶ 21 herein.

11. This Stipulation and Order of Settlement does not and shall not be deemed to constitute any admission by defendants of the validity or accuracy of any of the allegations, assertions or claims made herein by plaintiffs, nor is it an admission of wrongdoing by any defendant. No findings of any kind have been issued by the Court concerning the merit or lack of merit of the allegations made by plaintiffs herein. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

12. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

13. The Stipulation and Order of Settlement, as of the Final Approval Date, resolves in full all claims against the Released Persons by the PCMs involving alleged violations of their rights arising out of their arrests and detentions during the World Economic Forum meetings held in New York, New York from January 31, 2002 through February 4, 2002. As of the Final Approval Date, PCMs hereby release all such claims against the Released Persons.

14. As of the Final Approval Date of this Stipulation and Order of Settlement, the PCMs, hereby waive any and all rights to pursue, initiate, prosecute or commence any action or proceeding before any court, administrative agency or other tribunal to file any civil complaint arising out of their arrests and detentions during the World Economic Forum meetings held in New York, New York from January 31, 2002 through February 4, 2002.

15. Each PCM shall be deemed to have submitted to the jurisdiction of the Court.

16. No Opt-Out shall participate in any monetary benefits provided by this Stipulation and Order of Settlement.

17. Plaintiffs will take all necessary and appropriate steps to obtain approval of the Stipulation and Order of Settlement and dismissal of the action. If the Court approves this Stipulation and Order of Settlement and/or issues final approval thereof, and if there is an appeal from such decision(s), defendants will join plaintiffs in defense of the Stipulation and Order of Settlement and/or final approval of the settlement.

18. This Stipulation and Order of Settlement contains all the terms and conditions agreed upon by the parties regarding the subject matter of these proceedings with respect to the PCMs, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Settlement shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

## CLAIMS PROCEDURES AND NOTICE

19. A Notice of Class Action Settlement and Notice of a Fairness Hearing to approve the Settlement will be sent by first class mail to all potential class members. See Exhibit A, the Class Notice. Pursuant to the Court Order of March 14, 2008, defendants will use their best efforts to obtain reports, that, if located, will be provided to plaintiffs' counsel for the sole purpose of notifying potential class members. The Class Notice will include:

    a)     terms of the settlement;

    b)     the class member's right to contest the settlement by filing a written objection within the time period for filing a claim form;

    c)     the class member's right to appear in person or through counsel at a Fairness Hearing on a date to be determined;

    d)     Claim Form; and

e)     Request for Exclusion form.

20.    The aforesaid paragraph shall not limit Class Counsel from providing additional notice at their own expense and in accordance with the Rules of Professional Responsibility.

## PAYMENTS

21.    PCMs who timely file a complete and executed claim form shall receive a payment of One Thousand Five Hundred dollars ($1,500), inclusive of attorneys' fees, in full satisfaction of all claims arising from their arrests and detentions during the World Economic Forum meetings from January 31, 2002 through February 4, 2002. Said payments to PCMs shall be made within a reasonable time after the Final Approval Date.

22.    To participate in the distribution of the $1,500 payment, a PCM must submit the Claim Form, with the required certification contained therein, to John Ware Upton, Esq., 70 Lafayette Street, 7th Floor, New York, New York 10013, in order to obtain payment.

23.    Any PCM who fails to submit a Claim Form completed in accordance with the instructions contained therein by the Bar Date or any court-mandated extension shall be forever barred from receiving any payments pursuant to the Stipulation and Order of Settlement. Such PCM shall in all other respects be bound by all terms of the Stipulation and Order of Settlement, including but not limited to the release of all Released Persons as set forth herein.

24.    The City shall make the initial determination of the validity of a potential PCM's claim based on a review of its official records and shall deny claims by persons who are not PCMs. Class Counsel shall review all denied claims and may challenge the basis for any denial.

25.     If there is a dispute as to whether a person is a PCM, the matter shall be submitted for resolution to the District Judge. There shall be no right of appeal from the Court's determination.

## GENERAL CLAIM PROCEDURES

26.     The Claim Form and accompanying documentation shall be mailed by first class mail to each potential DAT class member at his or her current or last known address. A PCM's claim shall be deemed submitted upon deposit in a postpaid properly addressed wrapper, in a post office or official depository of the United States Postal Service.

27.     All forms must be submitted by the Bar Date unless such period is extended by order of the Court.

28.     If a PCM fails to provide information in the manner required, this failure may result in the denial of the claim.

29.     PCMs who submit claims will be paid by mail and will not be required to make a personal appearance in order to verify their identities unless good cause is shown to the Court to require a personal appearance. Payments will not be made to agents of PCMs other than Court appointed legal representatives.

30.     PCMs who must verify their identity as set forth in ¶ 29 must present one of the following forms of identification to establish their identity: a) driver's license; b) passport or visa; c) green card or other identification issued by Immigration and Naturalization Service; or d) other photographic identification card not readily subject to forgery. Other forms of reliable identification may be considered. Defendants retain the right to request additional proof or to dispute any form of identification where it appears there is a reasonable basis to believe the form of identification is fraudulent or where the PCM is unable to produce other satisfactory documentation or information. In such event, notice will be provided to Class

Counsel within five business days after discovering the basis to dispute any such form of identification. If the dispute cannot be resolved among counsel, the matter shall be submitted for resolution to the District Judge. There shall be no right of appeal from the Court's determination.

## EXCLUSION FROM THE DAT CLASS

31. Any potential PCM who wishes to become an Opt-Out and be excluded from the Settlement Class must file a Request of Exclusion with the Clerk of the Court by mail or in person by the Bar Date.

32. Any potential PCM who does not timely file a Request for Exclusion shall conclusively be deemed to have become a PCM and will be bound by this Stipulation and Order of Settlement and by all subsequent proceedings and orders.

## PAYMENTS TO CLASS REPRESENTATIVES

33. The claims of the Class Representatives, the plaintiffs named in the Second Amended Complaint, are broader than the claims made by the DAT Class; namely, the Class Representatives have challenged the bona fides of their arrests. See Second Amended Complaint. As such, in recognition of the additional claims, and the risk incurred by the Class Representatives in assisting the prosecution of the litigation and in bringing to bear added value, and the other burdens sustained by a representative in lending himself or herself to the prosecution of the claim, and the ultimate recovery, the Class Representatives shall each receive $11,500, inclusive of attorneys' fees. Said payments to the Class Representatives shall be made within a reasonable time after the Final Approval Date, the date on which the claims of the Class Representatives will be dismissed.

34. Costs and Expenses in the amount of $40,000, payable to Class Counsel, shall be payable within a reasonable time of the Final Approval Date. This amount includes

costs and expenses incurred in connection with representation of the Class Representatives and DAT Class.

35. In consideration of the payment of the sums as set forth in ¶¶ 33 and 34 above, the Class Representatives agree to dismissal of any and all claims that were or could have been raised in this matter and to release the Released Persons from any and all liability, claims, or rights of action from the beginning of time up to and including the Final Approval Date of this Stipulation, including claims for attorneys' fees, costs and expenses.

36. This Stipulation and Order of Settlement does not and shall not be deemed to constitute any admission by defendants of the validity or accuracy of any of the allegations, assertions or claims made herein by the Class Representatives, nor is it an admission of wrongdoing by any defendant. No findings of any kind have been issued by the Court concerning the merit or lack of merit of the allegations made by plaintiffs herein. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

37. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or any agency thereof.

38. Each Class Representative shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of ¶¶ 33, 34 and 35 above and an Affidavit Concerning Liens.

39. This Stipulation and Order of Settlement contains all the terms and conditions agreed upon by the parties regarding the subject matter of these proceedings with respect to the Class Representatives, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order of Settlement

shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

Dated: New York, New York
~~April~~     , 2008
Sept 10

| | |
|---|---|
| Attorneys for Plaintiffs & Class Members<br><br>By: *[signature]*<br>Jonathan C. Moore<br>Beldock Levine and Hoffman LLP<br>99 Park Ave.<br>New York, N.Y. 10016<br>(212) 490-0400<br><br>By: *[signature]*<br>James I. Meyerson<br>64 Fulton Street, Ste. 504<br>New York, N.Y. 10038<br>(212) 226-3310<br><br>By: *[signature]*<br>John Ware Upton<br>70 Lafayette St., 7th Fl<br>New York, N.Y. 10013<br>(212) 233-9300 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, New York 10007<br><br>By: *[signature]*<br>Susan M. Halatyn<br>Mark D. Zuckerman<br>(212) 442-8248 |

SO ORDERED:

_____
U.S.D.J.

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
9/15/08